# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:17CV161

| | |
|---|---|
| PEGGY ROYALL, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| NANCY A. BERRYHILL, | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

This matter is before the Court on the parties' cross motions for summary judgment (# 12, 15). Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying her claim for disability benefits. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, Plaintiff's motion for summary judgment is GRANTED and the Commissioner's motion for summary judgment is DENIED.

## I. Procedural History

On November 15, 2013, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning January 1, 2011. (Transcript of Administrative Record ("T.") 21.) The Social Security Administration denied Plaintiff's claim initially on March 7, 2014. (T. 21.) The claim was denied upon reconsideration on September 22, 2014. (T. 21.) On October 14, 2014, Plaintiff filed a written request for a hearing. (T. 21.)

On September 23, 2016, a disability hearing was held before an Administrative Law Judge ("ALJ") in Greensboro, North Carolina. (T. 21.) Plaintiff's husband appeared at the hearing for support, but he did not testify. (T. 21.) Chrisann Schiro Geist, a vocational expert ("VE"), also

appeared at the hearing. (T. 21.)

On November 8, 2016, the ALJ issued a decision finding that Plaintiff was not disabled from November 15, 2013, the amended alleged onset date, through December 31, 2014, the date last insured. (T. 21-33.) Plaintiff requested review of the ALJ's decision. (T. 7.) The Appeals Council denied Plaintiff's request for review. (T. 7-9.) On September 1, 2017, Plaintiff filed the instant action seeking review of the Commissioner's final decision. See Compl. (# 1).

## II.     Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); accord Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Under the five-step sequential evaluation, the Commissioner must consider each of the following, in order: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or medically equal the severity of one or more of the listing of impairments contained in Appendix 1 of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity ("RFC"). 20 C.F.R. § 404.1520; Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 653 n.1.

At the first two steps of the sequential evaluation, the burden is on the claimant to make the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to

2

satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's RFC. Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether the claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that a claimant is not capable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience. Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a VE, who offers testimony in response to a hypothetical question from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that the claimant is not disabled and deny the application for disability benefits. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

### III. The ALJ's Decision

In his November 8, 2016 decision, the ALJ ultimately found that Plaintiff was not disabled

under sections 216(i) and 233(d) of the Social Security Act. (T. 33.) In support of this conclusion, the ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act on December 31, 2014.

(2) The claimant has not engaged in substantial gainful activity during the period from her amended alleged onset date of November 15, 2013, through her date last insured of December 31, 2014 (20 C.F.R. § 404.1571 et seq.).

(3) Through the date last insured, the claimant had the following severe impairments: post-traumatic stress disorder ("PTSD") and major depression (20 C.F.R. § 404.1520(c)).[1]

(4) Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).

(5) Through the date last insured, the claimant had the RFC to perform a full range of work at all exertional levels but with the following non-exertional limitations: she is able to understand, remember, and carry out instructions to perform simple, routine, and repetitive tasks; and can have no more than occasional interaction with coworkers, supervisors, and members of the general public.

(6) Through the date last insured, the claimant was unable to perform any past relevant work (20 C.F.R. § 404.1565).[2]

(7) The claimant was born on November 2, 1958, and she was 56 years old, which is defined as an individual of advanced age, on the date last insured (20 C.F.R. § 404.1563).

(8) The claimant has at least a high school education, and she is able to communicate in English (20 C.F.R. § 404.1564).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See Social Security Ruling ("SSR") 82-41 and 20

---

[1] The ALJ found that Plaintiff had the following non-severe impairments: migraine headaches, hypertension, hypothyroidism, obesity, and urinary tract infections. (T. 23.) The ALJ further found that Plaintiff's fibromyalgia was a non-medically determinable impairment. (T. 24.)

[2] The ALJ found that Plaintiff had past relevant work as a receptionist, which is classified as sedentary, semi-skilled work. (T. 31.)

4

C.F.R. Part 404, Subpart P, Appendix 2).

(10) Through the date last insured, considering the claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that she could have performed (20 C.F.R. §§ 404.1569, 404.1569(a)).[3]

(11) The claimant has not been under a disability, as defined in the Social Security Act, at any time from November 15, 2013, the amended alleged onset date, through December 31, 2014, the date last insured (20 C.F.R. § 404.1520(g)).[4]

(T. 21-33.)

IV. **Standard of Review**

Title 42, United States Code, Section 405(g) provides that an individual may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review is limited in that the district court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); accord Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's final decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled

---

[3] The VE testified that the following representative sedentary occupations were available to Plaintiff: (1) assembly, with 465,000 jobs available nationally; (2) inspections, with 275,000 jobs available nationally; and (3) packing, with 100,200 jobs available nationally. (T. 32.)
[4] The ALJ concluded that a finding of "not disabled" was appropriate under section 204.00 in the Medical-Vocational Guidelines. (T. 33.)

5

but, rather, whether the Commissioner's decision that she was not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

## V.     Discussion[5]

In Plaintiff's first and most compelling assignment of error, she argues that the ALJ's finding at step two in the sequential evaluation is not supported by substantial evidence.[6] Pl.'s Mem. Supp. (# 13) at 3-5. In particular, Plaintiff contends that the ALJ erred by finding that her migraine headaches were a non-severe impairment. Id. at 3. Plaintiff concludes that the ALJ committed legal error; thus, his decision must be reversed. Id. at 5, 13.

Plaintiff bears the burden of proof and production at the second step of the sequential evaluation. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (citing Grant v. Schweiker, 699 F.2d 189, 191 (4th Cir. 1983)). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). An impairment or combination of impairments is deemed "severe" if it "significantly limits [the claimant's] physical or mental abilities to do basic work activities." 20 C.F.R. § 404.1520(c); accord Riggs v. Berryhill, No. 4:16-CV-00011-F, 2017 WL 1102620, at *2 n.4 (E.D.N.C. Mar. 24, 2017); SSR 96-3p, 1996 WL 374181, at *1 (July 2, 1996). "Basic work activities" refers to the "abilities and aptitudes to do most jobs," which include standing, walking, lifting, or responding to other people, using judgment, and dealing with common workplace situations. 20 C.F.R. § 404.1521(b); accord Yates v. Comm'r of Soc. Sec., No. 4:16-CV-00059,

---

[5] Throughout this Order, the Court relies on the Code of Federal Regulations in effect during the relevant time, which was the date of the ALJ's decision: November 8, 2016. See (Tr. 33).

[6] Plaintiff raises three broad assignments of error. See Pl.'s Mem. Supp. (# 13). Because Plaintiff has established that she is entitled to remand on the first assignment of error, the Court need not address the remaining assignments of error.

2018 WL 1249926, at *3 (W.D. Va. Feb. 16, 2018). An impairment is deemed "'not severe' only if it is a <u>slight abnormality</u> which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." <u>Evans v. Heckler</u>, 734 F.2d 1012, 1014 (4th Cir. 1984) (citation omitted); <u>accord</u> <u>Cook v. Berryhill</u>, No. 2:17-CV-03374, 2017 WL 6614895, at *12 (S.D. W.Va. Nov. 22, 2017).

In the instant case, the ALJ, in pertinent part, found, "Through the date last insured, the claimant had the following severe impairments: post-traumatic stress disorder ('PTSD') and major depression (20 C.F.R. § 404.1520(c))." (T. 23.) The ALJ also made the following conclusory finding: "The claimant also ha[d] the non-severe impairments of migraine headaches, hypertension, hypothyroidism, obesity, and urinary tract infections (Exs. 5F, 10F, 11F, 17F)." (T. 23.)

At the outset, the Court recognizes that the ALJ's finding that Plaintiff's migraine headaches were a non-severe impairment is wholly conclusory in nature. <u>See</u> (T. 23.) To the extent that the ALJ's finding is supported by substantial evidence, this Court would have to search the record to find that support. That, however, is not the Court's role. <u>See</u> <u>Bird v. Comm'r of Soc. Sec. Admin.</u>, 699 F.3d 337, 341 n.1 (4th Cir. 2012) ("[A]n assessment of the weight of the evidence must be left to the ALJ on remand in the first instance.").

The Court declines to find that the ALJ's error was harmless for at least four reasons.[7][8] First, severity is not an onerous requirement for a claimant to meet. <u>Kirby v. Astrue</u>, 500 F.3d 705, 708 (8th Cir. 2007). Second, Plaintiff's migraine headaches are consistently documented in

---

[7] <u>See</u> <u>Bishop v. Comm'r of Soc. Sec.</u>, 583 F. App'x 65, 67 (4th Cir. 2014) (recognizing that errors are reviewed under the harmless error doctrine); <u>see also</u> <u>Fisher v. Bowen</u>, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result.").
[8] The Commissioner argues that the ALJ's error at step two was harmless because the ALJ otherwise properly evaluated Plaintiff's headaches. Def.'s Mem. Supp. (# 16) at 4. The Court is not persuaded by this argument.

7

the record.  See (T. 42, 47-49, 51, 54, 58, 71, 75, 119, 167, 195, 210, 212, 216, 240-41, 250, 634-36, 638-42, 645-46, 648, 651-52, 655, 660, 787.).  Third, the frequency of Plaintiff's migraine headaches is also well documented in the record.  See (T. 49) (five or more headaches per week); (T. 71) (daily migraines); (T. 195) (daily migraines); (T. 250) (5-6 migraines per week); (T. 635.) (daily migraines); (T. 635) (five headaches per week); (T. 640) (daily migraines); (T. 641) (five headaches per week); (T. 646) (five headaches per week); (T. 651) (five migraines per week).  Finally, the intensity of Plaintiff's headaches is documented throughout the record.  See (T. 48) (Plaintiff's headaches were getting worse and resistant to medications); (T. 51) (Plaintiff noted that her headaches can last up to three days); (T. 634, 640) (Plaintiff's headaches caused photophobia); (T. 634, 640, 646) (Plaintiff's headaches were becoming refractory to medications).

In short, the ALJ erred in his duty to adequately lay out his reasons so that this Court could engage in meaningful review.  See Woods v. Berryhill, 888 F.3d 686, 692-93 (4th Cir. 2018) ("[T]he ALJ must adequately explain his reasoning; otherwise, we cannot engage in meaningful review."); see also Patterson v. Comm'r of Soc. Sec., 846 F.3d 656, 663 (4th Cir. 2017) ("Show your work.  The ALJ did not do so here, and this error rendered his decision unreviewable.).

## VI. Conclusion

In light of the foregoing, Plaintiff's motion for summary judgment (# 12) is GRANTED, and this case is to be remanded.[9]  The Commissioner's motion for summary judgment (# 15) is DENIED.

---

[9] This case is being remanded under sentence four of 42 U.S.C. § 405(g).  "A sentence four remand is appropriate when the Commissioner's decision is not supported by substantial evidence, the Commissioner incorrectly applies the law in reaching the decision, or the basis of the Commissioner's decision is indiscernible."  Sharpe v. Berryhill, No. 5:16-CV-3841, 2017 WL 1684531, at *10 (S.D. W. Va. Apr. 10, 2017).

Signed: July 27, 2018

_Dennis L. Howell_

Dennis L. Howell
United States Magistrate Judge